1
2
3
4
5

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLAJUWON HANSSEBASTIEN LABEYRIE, | ) 1:16-cv-00395-DAD-BAM<br>)<br>) ORDER GRANTING APPLICATION TO<br>) PROCEED INFORMA PAUPERIS<br>(Doc. 3) |
| Plaintiff, | ) |
| v. | ) ORDER DISMISSING COMPLAINT WITH<br>) LEAVE TO AMEND<br>(Doc. 1) |
| MARYAM M. MUJALI, | ) |
| Defendant. | ) THIRTY-DAY DEADLINE<br>) |

## SCREENING ORDER

Plaintiff Olajuwon Hanssebastien Labeyrie ("Plaintiff") proceeds pro se in this civil action. Plaintiff alleges that defendant has tried to publicly humiliate him by saying she was afraid that he was going to rape and by pursuing a court case against him for harassment. Plaintiff's complaint, filed on March 24, 2016, is currently before the Court for screening.

### Request to Proceed without Payment of Fees

Plaintiff has requested leave to proceed in forma pauperis pursuant to Title 28 of the United States Code section 1915(a). Plaintiff has made the showing required by section 1915(a), and accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

### Screening Requirement

The Court is required to screen complaints brought by persons proceeding in pro per. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is

1

1  frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks

2  monetary relief from a defendant who is immune from such relief.   28 U.S.C. §

3  1915(e)(2)(B)(ii).

4      A complaint must contain "a short and plain statement of the claim showing that the

5  pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

6  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

7  conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937,

8  1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65

9  (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge

10  unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009)

11  (internal quotation marks and citation omitted).

12      Pro se litigants are entitled to have their pleadings liberally construed and to have any

13  doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121-1123 (9th Cir. 2012),

14  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), but to survive screening, Plaintiff's claims

15  must be facially plausible, which requires sufficient factual detail to allow the Court to

16  reasonably infer that each named defendant is liable for the misconduct alleged, *Iqbal*, 556 U.S.

17  at 678, 129 S.Ct. at 1949 (quotation marks omitted); *Moss v. United States Secret Service*, 572

18  F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not

19  sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.

20  *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949; *Moss*, 572 F.3d at 969.

21      **Plaintiff's Allegations**

22      Plaintiff alleges as follows:

23  The Defendant Has tried to publicly tried to humiliate me By saying afraid I was
   going to Rape Her; as well as tried to Recently get a Court case against me for
24  Harassment which was denied Because we haven't had contact in a year.  She's
   going out of her way to Ruin my life.
25

26  (Doc. 1 at 5) (as written).  Plaintiff contends that this could affect his future earnings

27  because the first thing that pops up about him on google is the harassment case and his

28  public reputation is ruined.  (*Id.*).  Plaintiff asks the court for $50,000 in punitive

1  damages for the false claims.  (*Id.* at 6).  Plaintiff contends that this Court has diversity

2  jurisdiction over his claims.

3  **DISCUSSION**

4  **Subject Matter Jurisdiction**

5  Federal courts are courts of limited jurisdiction and lack inherent or general subject

6  matter jurisdiction.  Federal courts can adjudicate only those cases in which the United States

7  Constitution and Congress authorize them to adjudicate. *Kokkonen v. Guardian Life Ins. Co*., 511

8  U.S. 375, 114 S.Ct. 1673, 1677 (1994). To proceed in federal court, Plaintiff's complaint must

9  establish the existence of subject matter jurisdiction.  Federal courts are presumptively without

10  jurisdiction over civil actions, and the burden to establish the contrary rests upon the party

11  asserting jurisdiction. *Kokkonen*, 511 U.S. at 377, 114 S.Ct. at 1677.  Lack of subject matter

12  jurisdiction is never waived and may be raised by the court sua sponte.  *Attorneys Trust v.*

13  *Videotape Computer Products, Inc.*, 93 F.3d 593, 594 595 (9th Cir. 1996); *Demery v.*

14  *Kupperman*, 7356 F.2d 1139, 1149 n. 8 (9th Cir. 1984). "Nothing is to be more jealously guarded

15  by a court than its jurisdiction. Jurisdiction is what its power rests upon. Without jurisdiction it is

16  nothing." *In re Mooney*, 841 F.2d 1003, 1006 (9th Cir.1988), *overruled on other grounds by*

17  *Partington v. Gedan*, 923 F.2d 686, 688 (9th Cir. 1991) (en banc). There are two bases for

18  original jurisdiction: (1) diversity jurisdiction, or (2) federal question jurisdiction.

19  **1.  Diversity Jurisdiction**

20  Pursuant to 28 U.S.C. § 1332, federal district courts have diversity jurisdiction over civil

21  actions "where the matter in controversy exceeds the sum or value of $75,000," and where the

22  matter is between "citizens of different states."  28 U.S.C. § 1332(a)(1).

23  Here, Plaintiff seeks $50,000 in "punitive damages," which the Court construes as the

24  amount in controversy.  However, as alleged, the amount in controversy does not reach the

25  jurisdictional amount required for diversity jurisdiction.

26  Plaintiff also has not alleged that the parties' citizenship is completely diverse.  The

27  complaint indicates that both Plaintiff and Defendant are citizens of California.  If the parties are

28  all California citizens, this destroys the requisite "complete diversity."  *See Cook v. AVI Casino*

*Enterprises, Inc.*, 548 F.3d 718, 722 (9th Cir. 2008), *cert. denied*, 556 U.S. 1221, 129 S.Ct. 2159, 173 L.Ed.2d 1156 (2009).  Accordingly, this Court lacks diversity jurisdiction.

### 2. Federal Question Jurisdiction

Pursuant to 28 U.S.C. § 1331, federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 963 L.Ed.2d 318 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

Here, Plaintiff's complaint appears to allege a California state law claim for defamation. Cal. Civ. Code § 44 (defamation is libel or slander); Cal. Civ. Code § 45 ("Libel is a false and unprivileged publication . . . , which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation.").  As currently alleged, the complaint does not contain any allegation of a violation arising under the Constitution, laws, or treaties of the United States.  Accordingly, this Court lacks federal question jurisdiction.

### CONCLUSION AND ORDER

Plaintiff's complaint fails to allege subject matter jurisdiction.  However, as Plaintiff is proceeding pro se, the Court will provide him with the opportunity to file a first amended complaint in the event he can allege facts establishing this Court's jurisdiction. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

1    Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what

2  the named defendant did that led to the deprivation of Plaintiff's rights, *Iqbal*, 556 U.S. at 678-

3  79, 129 S.Ct. at 1948-49.   Although accepted as true, the "[f]actual allegations must be

4  [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555

5  (citations omitted).

6    Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.

7  *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc).   Therefore, Plaintiff's first

8  amended complaint must be "complete in itself without reference to the prior or superseded

9  pleading." Local Rule 220.

10    Based on the foregoing, it is HEREBY ORDERED that:

11    1.    Plaintiff's complaint is dismissed for lack of subject matter jurisdiction;

12    2.    Within thirty (30) days from the date of service of this order, Plaintiff shall file a

13        first amended complaint; and

14    3.    If Plaintiff fails to file a first amended complaint in compliance with this order,

15        this action will be dismissed for failure to obey a court order.

16

17  IT IS SO ORDERED.

18    Dated:   __April 22, 2016__       ___/s/ Barbara A. McAuliffe___
19                           UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28